```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DEVIN LEE JONES,                                    :
                    Petitioner,                     :
                                                    :     ORDER ADOPTING REPORT
v.                                                  :     AND RECOMMENDATION
                                                    :
SUPERINTENDENT OF WENDE                             :     16 CV 7109 (VB)
CORRECTIONAL FACILITY,                              :
                    Respondent.                     :
--------------------------------------------------------------x
```

Briccetti, J.:

      Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated October 6, 2020, on Devin Lee Jones's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. #34).

      The Court presumes the parties' familiarity with the factual and procedural background of this case.

      In the R&R, Judge Davison recommends that the Court dismiss the petition as time barred.

      For the following reasons, the Court adopts the R&R in its entirety as the opinion of the Court, and the petition is DENIED.

## DISCUSSION

      A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition,"  Fed. R. Civ. P. 72(b)(2); see also 28

U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The clearly erroneous standard applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

The objections of parties appearing pro se, such as petitioner herein, are generally accorded leniency, Stokes v. Miller, 216 F. Supp. 169, 171 (S.D.N.Y. 2000), and should be construed "to raise the strongest arguments that they suggest." Dunn v. Sears, 561 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).[1] "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for a writ of habeas corpus must be filed within one year of the latest of four triggering events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  "[A] petitioner's conviction becomes final for AEDPA purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expires." Williams v. Artuz, 237 F.3d 147, 150 (2d Cir. 2001).

The one-year statute of limitations period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The limitations period is also subject to equitable tolling, which may be applied when a petitioner has shown "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010).

Petitioner timely objected to the R&R principally on the ground that Judge Davison erred in finding no extraordinary circumstances justified equitable tolling.  (Doc. #35).

The Court has carefully reviewed the R&R and finds no error, clear or otherwise.

Petitioner claims extraordinary circumstances should relieve him of his procedural obligations under AEDPA.  However, petitioner's objection simply reiterates arguments he already raised in the petition, and he fails to identify any extraordinary circumstances that justify equitable tolling.  Petitioner was convicted in state court on October 15, 2010, and sentenced on January 7, 2011.  Thereafter, he filed a timely notice of appeal.  On July 31, 2013, the Supreme Court, Appellate Division, affirmed the conviction, and petitioner's application for leave to

3

appeal to the Court of Appeals was denied on September 17, 2014.  See People v. Jones, 108 A.D.3d 779 (2d Dep't 2013), leave to appeal denied, 24 N.Y.3d 961 (2014).

Because petitioner did not file a petition for a writ of certiorari to the United States Supreme Court, his conviction became final on December 16, 2014, ninety days after the New York Court of Appeals denied leave to appeal.  Accordingly, the one-year AEDPA statute of limitations started to run on December 16, 2014.  Thirty-five days later, on January 20, 2015, petitioner filed a motion to vacate the judgment, which tolled the limitations period.  That motion was denied on April 16, 2015, and petitioner's motion for leave to appeal to the Appellate Division was denied on August 10, 2015.  Petitioner then filed a motion for leave to appeal the Appellate Division's denial to the Court of Appeals, which was denied because the order sought to be appealed from was not appealable under New York law.  Because the motion for leave to appeal was not a "properly filed application," 28 U.S.C. § 2244(d)(2), the motion did not toll the statute of limitations, such that the statute began running again on August 10, 2015, and expired on July 6, 2016.  The petition in this case was filed on August 31, 2016, which was after the AEDPA limitations period had expired.

Judge Davison correctly found that equitable tolling doctrines do not apply.  First, petitioner is not entitled to equitable tolling because he has not shown that extraordinary circumstances prevented him from timely filing his petition.  Petitioner claims he suffered from depression and anxiety which was exacerbated by the illness and death of his grandmothers in 2013 and 2016.  But the Court agrees with Judge Davison that petitioner, acting pro se, "has shown his ability to file articulate, thoughtful, and well-researched applications throughout this legal process despite any mental impediments."  (R&R at 10).  And, with the exception of the petition itself, those filings were timely.  Even if the illness and death of his grandmothers

4

exacerbated petitioner's depression and anxiety, that condition simply did not prevent him from timely filing the petition.

Moreover, to the extent petitioner claims his actual innocence provides an equitable exception to AEDPA's statute of limitations, the Court agrees with Judge Davison that petitioner provided no new, credible or compelling evidence showing actual, factual innocence.

## CONCLUSION

Magistrate Judge Davison's R&R is hereby adopted in its entirety. Accordingly, the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter Judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).[4]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: March 30, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[4]  Petitioner also objected to Judge Davison's recommendation that a certificate of appealability not be issued because reasonable jurists would not find it debatable that petitioner failed to demonstrate by a substantial showing that he was denied a constitutional right. This Court agrees with Judge Davison that no such showing has been made here.